## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DEBORAH SUSAN DAVIS-GODFREY,    )
                                                            )
                               Petitioner,    )
v.                                                          )        Case No. CIV-05-434-L
                                                            )
MILLICENT NEWTON-EMBRY,          )
                                                            )
                               Respondent.  )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred for initial proceedings

consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons set forth below, it is

recommended that the Petition be denied.

### I.        Relevant Case History

Petitioner pled guilty to and was convicted in the District Court of Oklahoma County,

Oklahoma, on six counts of Second Degree Forgery (Case No. CF-2002-2903), five counts

of Embezzlement and five counts of Falsifying Corporate Records (Case No. CF-2003-5100).

Response Ex. 5.  In both cases, Petitioner was charged with committing the crimes after

former conviction of a felony.  *See* Response Exs. 8, 9.

Petitioner was sentenced to  twenty-eight years on each of the six Second Degree

Forgery convictions, ten years on each of the five Embezzlement convictions, and twenty-

eight years on each of the convictions for Falsifying Records.  All sentences are being served

concurrently, as ordered by the state district court.  *See* Response Ex. 5.

Petitioner did not move to withdraw her guilty pleas and did not appeal her convictions to the Oklahoma Court of Criminal Appeals (OCCA). Rather, Petitioner filed an application for post-conviction relief in the state district court on December 3, 2004. Response Ex. 1. The district court filed an Amended Order Denying Application for Post-Conviction Relief on March 24, 2005. Response Ex. 2. The OCCA affirmed denial of Petitioner's post-conviction application on May 2, 2005. Response Ex. 4.

In this habeas action, Petitioner raises three grounds for relief:

(1)     Petitioner's guilty plea was involuntarily entered because her counsel was ineffective;

(2)     Petitioner's sentence is in excess of the statutory maximum because she was never arraigned on allegations of prior convictions; and

(3)     Petitioner's sentence violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment because it is disproportionate.

## II.   Standard of Review

Petitioner's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA, a petitioner is not entitled to habeas corpus relief if the petitioner's claim has been adjudicated on the merits by the state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) &

2254(d)(2). In conducting this inquiry, the factual findings of the state court are presumed correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With regard to claims not adjudicated on the merits by the state court, AEDPA standards do not apply. *Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). Questions of law are reviewed de novo and questions of fact are reviewed for clear error. *Id*.

### III.   **Respondent's Response**

Respondent has addressed the merits of Petitioner's ineffective assistance of counsel claim as well as the claim that her sentences were improperly enhanced by a previous conviction.[1]   Respondent asserts that Petitioner's third ground for relief is procedurally barred.[2]

### IV.   **Analysis**

#### A.   **Ground One -- Ineffective Assistance of Counsel**

In her first ground for relief, Petitioner claims her counsel was ineffective in that he unfairly surprised her on December 5, 2003, by unexpectedly forcing her to decide that day whether to accept a plea agreement or go to trial. She further claims that her counsel was ineffective in failing to file a motion requesting the recusal of Judge Caswell. Petitioner

---

[1]Although the latter claim is subject to procedural default, Respondent has specifically waived this defense and addressed the merits of Petitioner's second ground for relief. *See* Response at 13 n. 2.

[2]Respondent ultimately addresses the merits of Petitioner's third ground for relief (premised on a claim of disproportionate sentence) because Petitioner has asserted ineffective assistance of counsel as cause to excuse her procedural default of this claim.

claims that her counsel was ineffective in failing to consider a psychiatric report indicating that Petitioner suffers from impulse control disorder.  Finally, she states that her counsel was ineffective for allowing her to accept a plea bargain for sentences in excess of the statutory maximum.[3]

*Strickland v. Washington*, 466 U.S. 668 (1984) established a two-part test for determining whether a petitioner's Sixth Amendment right to effective assistance of counsel has been violated.  First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness.  *Id*. at 687.  Second, the petitioner must establish that but for counsel's errors, the outcome of the proceedings would have been different.  *Id*. *See also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that a person alleging ineffective assistance with respect to a guilty plea must establish a reasonable probability that he would not have pled guilty if counsel had advised him adequately).

On December 5, 2003, Petitioner signed a Plea of Guilty and Summary of Facts form outlining the criminal activity to which she was pleading guilty.  *See* Response Ex. 5.  The minimum and maximum sentences for each count are listed on the form.  Petitioner could have received a life sentence on each of the charges of Forgery II and Falsifying Corporate Records in addition to ten-year sentences on each of the charges of Embezzlement.  Petitioner's previous Kansas felony conviction is also listed on the form with a statement acknowledging that Petitioner was charged in both cases after former conviction of a felony.

---

[3]As discussed below, Petitioner was not sentenced beyond the statutory maximum. Therefore, this claim of ineffective assistance of counsel is without merit.

Finally, the form is signed both by Petitioner and by Judge Jerry Bass who accepted Petitioner's guilty plea and sentenced her according to a previously-negotiated plea agreement.

Petitioner claims that her counsel was ineffective in that she was "coerced" into pleading guilty on December 5, 2003, when she thought she was to be arraigned or be granted a continuance.  Respondent has attached Petitioner's Application for Post-Conviction Relief and related documents to the Response as Exhibit 1.  Petitioner had attached a letter from A Chance to Change Foundation to her Application.  The letter is addressed to Judge Bass, the sentencing judge.   The letter states that Petitioner terminated treatment on November 19, 2003, "to go to prison."  The letter further stated that Petitioner "felt accepting of going to prison[.]" These statements indicate that Petitioner did, in fact, intend to enter a guilty plea and  that she knew the plea would result in her being imprisoned at some point.  Even if Petitioner did not understand that she would be entering her plea during her court appearance on December 5, 2003, she can show no prejudice resulting from her alleged surprise.  Petitioner's decision to plead guilty resulted in concurrently-run sentences totaling twenty-eight years to serve when she faced the possibility of eleven consecutively-run life sentences on the charges of forgery and falsifying corporate records alone.  Counsel was not ineffective in encouraging Petitioner to accept concurrently-run sentences, and Petitioner has provided no evidence that she would have chosen to go to trial had she been given more time to consider her pleas.

Petitioner states that her counsel was ineffective in failing to seek recusal from Judge Caswell.  According to Petitioner, her attorney had previously testified against Judge Caswell in an unrelated proceeding.  This claim, too, is without merit.  The docket sheets for Petitioner's cases show that Judge Caswell was scheduled to preside at Petitioner's pretrial conference.  Response Ex. 6 at 6, Ex. 7 at 5.  The docket sheets further show, however, that Judge Bass was presiding for Judge Caswell when Petitioner pled guilty and was sentenced. Because Judge Caswell was not involved in accepting Petitioner's plea or in sentencing her, counsel was not ineffective in failing to seek Judge Caswell's recusal.

Finally, Petitioner states that her attorney was ineffective in failing to "acquaint himself with the psychiatric reports" which diagnosed Petitioner as suffering from impulse control disorder.  Liberally construing Plaintiff's claim and following her reasoning to its logical conclusion, this Court must consider whether counsel was ineffective in failing to use the psychiatric reports in order to excuse or mitigate Petitioner's actions, for the purpose of seeking a lighter sentence.  As part of the requirements for the term of probation imposed after her 1996 Kansas felony conviction, Petitioner sought psychological evaluation from the Norman Counseling Clinic.  The resulting report, dated March 13, 1996, stated, "A repeat of criminal behavior would depend upon the unlikely event of a recreation of several situational factors/opportunities in combination with a recreation of Ms. Davis' emotional state at the time of her embezzlement[.]"  Response Ex. 1, "Davis Report" at 5.  This report would have been no help to Petitioner in her quest for a lighter sentence considering that Petitioner had, in fact, repeated her criminal behavior.  As Respondent suggests, the report

could  have had the opposite effect as it would have underscored for the court the fact that Petitioner was a repeat offender.  The letter from A Chance to Change Foundation also would have had limited relevance to Petitioner's sentencing.  The diagnoses of major depression, post traumatic stress disorder and impulse control disorder could help explain Petitioner's behavior, but it would not excuse it.  Counsel was not ineffective in failing to use or present these documents to the court.

The OCCA, citing the well-established standard of *Strickland v. Washington*, *supra*, found nothing in the record indicating that her counsel's performance was deficient or that she suffered any prejudice from her counsel's representation.  The OCCA's decision is neither contrary to, nor does it involve an unreasonable application of, Supreme Court law. Therefore, Petitioner's claim for habeas relief should be denied.

**B.**      **Ground Two – Sentences in Excess of Statutory Maximum**

In Ground Two, Petitioner claims the trial court erred in sentencing her beyond the maximum sentence of ten years.  This claim is based on Petitioner's allegation that "the state did not file a second page information alleging that she had committed prior felonies and the state sought to enhance her sentence based on those felonies."  Brief in Support of Petition for Writ of Habeas Corpus [Doc. #6] at 6.  Petitioner is mistaken.  Respondent has attached a copy of the Information in Case No. CF-2002-2903, Response Ex. 8, as well as a copy of the Information in Case No. CF-2003-5100, Response Ex. 9.  Each exhibit contains a document entitled Information Page 2.  Each document reflects Petitioner's former conviction for Felony Theft in the District Court of Sedgwick County, State of Kansas.  As

discussed above, Petitioner acknowledged in the Plea of Guilty and Summary of Facts form that she had been  charged after former conviction of a felony. Response Ex. 5.  Petitioner's second ground for relief is, therefore, without merit.

C.      **Ground Three -- Disproportionate Sentences**

In  Ground  Three,  Petitioner  claims  that  her  sentence  of  twenty-eight  years  is disproportionate   to  sentences  imposed  upon  similarly  situated  offenders  in  the  same jurisdiction for non-violent property crimes.  Though the OCCA found this claim to be procedurally  barred,  the  district  court  addressed  the  merits  of  this  claim  as  does  the Respondent in this case.

On federal habeas review, the merits of a claim will not be considered if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  "A showing that a defendant received ineffective assistance of counsel will establish cause excusing a procedural default."  *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002).

In this case, however, counsel was not ineffective in negotiating a plea agreement which resulted in only twenty-eight years to serve for convictions on sixteen separate criminal counts, all after former conviction of a felony.  Moreover, counsel's effectiveness was not compromised by his failure to assert a proportionality argument.  The Supreme Court

8

has rejected the notion that a defendant can prove a constitutional violation by demonstrating that other, similarly-situated defendants did not receive the same sentence.  *See McCleskey v. Kemp*, 481 U.S. 279, 306-307 (1987).  The petitioner in *McCleskey* had argued that the sentence in his case was disproportionate to some sentences imposed in other murder cases. *Id.* at 306.  The Supreme Court dismissed McCleskey's argument, holding that he could not "prove a constitutional violation by demonstrating that other defendants who may be similarly situated did not receive the death penalty."  *Id.* at 306-307.  Petitioner's third ground for relief is not based upon a valid constitutional claim, and Petitioner is not entitled to relief on this ground.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by November __21st__, 2005.  *See* Local Civil Rule 72.1.  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

DATED this __31st__ day of October, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE